IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK HENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-0490-CG-C |
| | ) |
| ARAMARK CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on the motion of defendant, ARAMARK Sports Entertainment Services, Inc.[1] ("ARAMARK")to dismiss and brief in support (Docs. 8, 9), the motion of defendant, Horace Sledge, to dismiss (Doc. 13), plaintiff's response (Doc. 18), the reply of both defendants, ARAMARK and Sledge (Doc. 19), the motion of defendant, Phillip Wheatley, to dismiss (Doc. 43), plaintiff's response (Doc. 47), and Wheatley's reply (Doc. 46).

As explained herein, the court finds that Sledge and Wheatley were not properly served and, therefore, that their motions to dismiss are due to be granted. The court also finds that plaintiff has failed to state a claim for which relief can be granted for (1) violation of the 1st Amendment, (2) conspiracy, (3) wrongful termination, and (4) slander. As such ARAMARK's motion to dismiss is due to be granted to the extent plaintiff intended to assert such claims. However, the court finds that ARAMARK has not demonstrated that plaintiff can prove no set of facts which would entitle him to relief under plaintiff's age discrimination claim. Therefore,

---

[1] The complaint identified "ARAMARK Corp." as a defendant. However, defendant states that it was incorrectly designated and that "ARAMARK Sports Entertainment Services, Inc." is the appropriate party designation.

1

ARAMARK's motion to dismiss is due to be granted in part and denied in part.

## DISCUSSION

**A. Dismissal Standard**

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief." Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)). In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." Id.  However, to survive a motion to dismiss, a plaintiff may not merely "label" his claims.  At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting FED.R.CIV.P. 8(a)(2)).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Management, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (quoting South Fla. Water Management Dist. v. Montalvo, 84 F.3d 402, 408 n. 10 (11th Cir. 1996) and Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993)); see also  Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true." citation omitted); Finklea v. U.S., 2001 WL 103005, *2 (S.D. Ala. Jan 30, 2001) ("conclusory allegations and unwarranted factual deductions are not accepted as true." citing Assoc. Builders, Inc.).

The court notes that the plaintiff in this case is proceeding pro se, that is, without the assistance of an attorney. While a pro se litigant's pleading may be more liberally construed than that of a represented party, he "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," the same as any other litigant. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**B. Motions to dismiss by Sledge and Wheatley**

Both Sledge and Wheatley assert that they were not properly served. Plaintiff served each of these defendants by mailing a copy of the summons and complaint to offices of ARAMARK where plaintiff apparently believed each defendant worked. However, neither of these defendants currently reside or work at the addresses where service was attempted and neither defendant has authorized anyone who resides or works at these addresses to accept service on their behalf.

The Federal Rules of Civil Procedure provide that "service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States" in the following two ways:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Alabama Rule of Civil Procedure 4(c)(1) provides for the same methods of service of process on an individual as Rule 4(e)(2) of the Federal Rules. ALA. R. CIV. P. 4(c)(1).

Alabama Rule of Civil Procedure 4(I)(2) provides that service upon an individual can be made by certified mail to the named addressee or "a person or entity specifically authorized by the addressee to receive the addressee's mail..." ALA. R. CIV. P. 4(I)(2).

The above service requirements were clearly not met in regard to defendants Sledge and Wheatley. Service was not attempted through delivery by certified mail to the dwelling house or usual place of abode of either Sledge or Wheatley. Nor was service attempted upon any person or entity specifically authorized by either Sledge or Wheatley to receive mail or service of process. The 120 day service deadline mandated by FED. R. CIV. P. 4(m) has expired. Therefore, the motions of Sledge and Wheatley to dismiss are due to be granted.

## C. ARAMARK's motion to dismiss

Plaintiff's amended complaint asserts claims for (1) violation of the 1st Amendment, (2) conspiracy, (3) wrongful termination, (4) slander, and (5) discrimination on the basis of age. (Doc. 4). ARAMARK contends that all of these claims are due to be dismissed because plaintiff has failed to state a claim upon which relief can be granted.

### 1. First Amendment

Plaintiff's amended complaint only refers to a First Amendment claim in one paragraph of the complaint. That paragraph, entitled "Jurisdiction" states, in its entirety, the following: "Aramark Issued an unfavorable decision and acted in a unreasonable manner on 12/8/04, which violated the 1st Amendment." ARAMARK contends that this bare allegation does not satisfy plaintiff's obligation under Rule 8 to give fair notice of the basis of his allegation. The court presumes that plaintiff's complaint refers to a violation of plaintiff's right to free speech as protected by the First Amendment of the Constitution. However, the complaint offers no factual

allegation that could support such a claim. Plaintiff has not alleged what speech was infringed upon or how ARAMARK allegedly infringed upon plaintiff's speech. Moreover, as defendant points out, the First Amendment ordinarily does not protect against actions by private corporations or citizens. See Hudgens v. NLRB, 424 U.S. 507, 513, 47 L. Ed. 2d 196, 96 S. Ct.1029 (1976) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state. Thus, while statutory or common law may in some situations extend protection or provide redress against a private corporation or person who seeks to abridge the free expression of others, no such protection or redress is provided by the Constitution itself.") (citation omitted). As the complaint offers no factual basis that would support a First Amendment claim, the court finds that plaintiff has failed to state a First Amendment claim for which relief can be granted.

**2. Conspiracy**

Plaintiff alleges a conspiracy "was created by several individuals for personal gain." The amended complaint also states the following with regard to conspiracy:

> Conspiracy which created wrongful termination, defamation of character, and untrue information to third parties that damage my name and reputation, the statue under which this suit is being filed is slander.

(sic)(Doc. 4, ¶ 4). The amended complaint does not state which individuals are alleged to have engaged in a conspiracy. The court presumes that this claim is not asserted against ARAMARK since ARAMARK is not an individual. To the extent plaintiff intends to assert a conspiracy claim against ARAMARK, the court finds it is due to be dismissed.

Plaintiff has failed to allege any facts that would support a claim of conspiracy. "In cases where a conspiracy is alleged, the plaintiff [ ] must do more than plead vague and

conclusory allegations." Young v. SouthTrust Bank, 51 F.Supp 2d 1274, 1279 (M.D. Ala. 1999). "A general allegation of conspiracy,[ ] without a statement of the facts constituting the conspiracy, is a mere allegation of a legal conclusion and is inadequate of itself to state a cause of action." Larry R. George Sales Co. v. Cool Attic Corp. , 587 F.2d 266, 273  (5th Cir. 1979).[2] "The pleader must allege the facts constituting the conspiracy, its object and accomplishment." Id. (citation omitted).

In the instant case, the amended complaint does not even identify who the alleged conspirators are.  The court notes that a corporation cannot conspire with itself. Allison v. Vintage Sports Plaques, 1996 WL 679426, *2 (N.D.Ala.,1996) (citing Phillips v. Amoco Oil Co., 614 F. Supp. 694 (N.D. Ala. 1985), aff'd., 799 F.2d 1464 (11th Cir. 1986), cert. denied, 481 U.S. 1016 (1987)).  "[A] civil conspiracy to commit a tort requires a combination of two or more persons and cannot exist between a corporation and its agents or employees, since the acts of agents and employees acting within the line and scope of their employment are considered the acts of the corporation itself." Phillips, 614 F.Supp. at 703 n. 10.   The amended complaint also fails to identify any unlawful purpose of the alleged conspiracy or that the alleged conspiracy involved the use of unlawful means. See Anderson v. Allstate Life Ins. Co., 2001 WL 228057, *8 (S.D. Ala. Feb. 1, 2001) "Alabama law is clear that '[i]n order to succeed on a civil conspiracy claim, a plaintiff must prove a concerted action by two or more people that achieved an unlawful purpose or a lawful end by unlawful means.'" citations omitted).  The court finds that plaintiff has not alleged sufficient facts to state a viable conspiracy claim.

---

[2] Decisions of the Former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

### 3. Wrongful termination

Plaintiff alleges he was wrongfully terminated.  However, to the extent plaintiff's wrongful termination claim is separate from his age discrimination claim, the court finds plaintiff has failed to state a claim.  Plaintiff's wrongful termination claim lacks merit because, as an "at-will" employee, plaintiff is subject to termination at any time for any reason not otherwise prohibited by law. See e.g., Cunningham v. Dabbs, 703 So.2d 979, 981 (Ala. Civ. App. 1997).  In Alabama, when no employment contract exists (and none has been alleged here), the employee is generally considered to be an at-will employee and, as such, cannot show that his termination was wrongful. Wyant v. Burlington Northern Santa Fe R.R., 210 F.Supp.2d 1263, *1295 (N.D. Ala. 2002) (citation omitted); see also  Ex parte Michelin North America, Inc., 795 So.2d 674, 677 (Ala. 2001) ("[I]n Alabama, an employment relationship is ordinarily 'at-will,' and the fundamental principle of employment-at-will is that the employment relationship is terminable by either party at any time and for any reason."); Barton v. Alabama Electric Cooperative Inc., 487 So.2d 884, 885 (Ala. 1986) ("In the absence of a contract calling for employment for a particular length of time, any wrongful termination claim is barred by Alabama's employment-at-will doctrine.").  Therefore, the court finds that plaintiff's wrongful termination claim is due to be dismissed.

### 4. Slander

The amended complaint also appears to attempt to assert a claim of slander.  In the same paragraph quoted above that alleged conspiracy, plaintiff alleges that the conspiracy created "defamation of character, and untrue information to third parties that damage my name and reputation, the statue under which this suit is being filed is slander." (sic) (Doc. 4, ¶ 4).  The

complaint goes on to allege that "[f]alse information was submitted against [plaintiff]." (Doc. 4, ¶ 5). Plaintiff has not alleged that defendant was at least negligent or identified what the false information consisted of, who submitted the false information, or who the false information was submitted to.[3] The court finds that plaintiff's slander claim does not give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

Moreover, false statements made by ARAMARK employees to other ARAMARK employees during the investigation of plaintiff's behavior will not support a slander claim. Plaintiff's slander claim appears to involve information communicated among employees in connection with claims by other employees that plaintiff had behaved inappropriately at work and the investigation that ensued.[4] "It is well established, in the context of a defamation claim, that 'communications among employees in the course of transacting the company's business and in the proper scope of the employee's duties do not constitute a publication.'" Hale v. Vencor Nursing Centers East, LLC, 54 F.Supp.2d 1272, 1281 (S.D.Ala. 1999) (quoting Wyatt v. Bellsouth, Inc., 998 F.Supp. 1303, 1312-13 (M.D. Ala. 1998). "[T]here is no publication, and thus no actionable defamation, '[a]s long as a communication to a nonmanagerial employee falls

---

[3] To establish a prima facie case of defamation, a plaintiff must show: [1] that the defendant was at least negligent [2] in publishing [3] a false and defamatory statement to another [4] concerning the plaintiff, [5] which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod). Ex parte Crawford Broadcasting Co., 904 So.2d 221, 225 (Ala. 2004).

[4] According to a letter from the EEOC, which was attached as an exhibit to plaintiff's amended complaint, allegations had been made that plaintiff engaged in bribery, worked while under the influence of alcohol, and sexually harassed two female employees. The letter states that it was undisputed that the allegations of bribery and working under the influence of alcohol were unsubstantiated. According to the EEOC letter, ARAMARK found it necessary to place plaintiff on administrative leave and investigate the allegations of sexual harassment. ARAMARK discharged plaintiff after finding that the sexual harassment claims were credible.

within the proper scope of that employee's knowledge or duties.'" Cantrell v. North River Homes, Inc., 628 So.2d 551, 553 (Ala.1993) (citing Nelson v. Lapeyrouse Grain Corp., 534 So.2d 1085, 1093 (Ala.1988); Hoover v. Tuttle, 611 So.2d 290, 193 (Ala.1992)); see also Burks v. Pickwick Hotel, 607 So.2d 187, 190 (Ala. 1992) (communications to a few employees and only to the extent reasonably necessary to investigate plaintiff's employment behavior do not constitute publication to a third party). Because the complaint fails to allege the "third party" to whom untrue information was allegedly communicated, and the circumstances surrounding that communication, the court finds that plaintiff has failed to sufficiently allege a viable claim of slander.

**5. Discrimination on the basis of age**

The amended complaint makes the following allegation:

> Age discrimination, being replaced by someone younger and with less experience and acted in a bias manner to deliberately cause harm. by committing an intentional act.

(sic)(Doc. 4, ¶ 6). Plaintiff contends that the above is insufficient because plaintiff has failed to satisfy the elements of a McDonnell Douglas[5] prima facie case. However, the McDonnell Douglas framework is simply a method of proving discrimination by circumstantial evidence. While the allegations of the complaint must be sufficient to give defendants notice of the grounds upon which it rests, it is not necessary that plaintiff support every allegation with factual details.  Taking the allegations of the complaint as true, the court finds that plaintiff has sufficiently alleged a claim for discrimination on the basis of age.  The ADEA makes it unlawful for an employer "to discharge any individual ... because of such individual's age." 29 U.S.C.

---

[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)

623(1).  The complaint alleges that defendant discriminated against him on the basis of his age when it discharged plaintiff and replaced him with someone younger.  The court finds that plaintiff's age discrimination claim gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

Defendant also contends that plaintiff's age discrimination claim should be dismissed because plaintiff failed to allege that he has satisfied the administrative prerequisites to suit and did not attach a copy of his EEOC charge to the complaint.  However, the court is aware of no authority that would require defendant to specifically allege administrative exhaustion in his complaint.  Moreover, plaintiff attached a copy of the EEOC's right to sue letter to his complaint,  which, under Rule 10(c),  is treated as part of the complaint for all purposes.  FED. R. CIV. P. 10(c) ("... A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").   Defendant asserts that while plaintiff attached a copy of the EEOC's right to sue letter, that it does not indicate that plaintiff's EEOC charge included a claim for age discrimination.  The court does not find plaintiff's claim to be defective on this basis.  "It is well established that the scope of the EEOC complaint should not be strictly interpreted." Turner v. Orr,  804 F.2d 1223, 1226 (11th Cir. 1986) (citations and internal quotations omitted).

> The standard that has evolved in this circuit defines the scope of an EEOC complaint as "encompass[ing] any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the commission."  In other words, the "scope" of the judicial complaint is limited to the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

Id. at 1226 (citation omitted).  In this case, plaintiff attached documents which indicate that plaintiff filed an EEOC charge against ARAMARK alleging discrimination related to his discharge and that the EEOC issued a dismissal and right to sue notice.  Defendants have not

shown that plaintiff's age discrimination claim was not included in or did not reasonably grow out of plaintiff's EEOC charge. Nor has defendant offered authority for dismissing plaintiff's claim merely because a copy of plaintiff's complete EEOC charge was not filed with the complaint. Thus, the court finds the defendant has not demonstrated that plaintiff can prove no set of facts which would entitle him to relief.

## CONCLUSION

For the reasons stated above, the motions of Horace Sledge and Phillip Wheatley to dismiss (Docs. 13 & 43 ) are **GRANTED** and the motion of ARAMARK Sports Entertainment Services, Inc. to dismiss (Doc. 8) is **GRANTED IN PART** to the extent that plaintiff's claims for (1) violation of the 1st Amendment, (2) conspiracy, (3) wrongful termination, and (4) slander are hereby **DISMISSED**. ARAMARK's motion is **DENIED** as to plaintiff's age discrimination claim.

**DONE and ORDERED** this 29th day of August, 2006.

                                                   /s/  Callie V. S. Granade
                                       CHIEF UNITED STATES DISTRICT JUDGE