IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 05-0490-CG-C** |
| | ) | |
| **ARAMARK CORP., et. al.,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the court on plaintiff's motion to reopen this case. (Doc. 94). Plaintiff first seeks to reopen pursuant to Rule 60(b)(2) and 59(e). Judgement was entered in this case on April 5, 2007. (Doc. 68). A motion brought under Rule 59(e) "must be filed no later than 10 days after the entry of judgment." Since judgment was entered more than two years ago, plaintiff's 59(e) motion is clearly untimely. The motion is also untimely under Rule 60(b)(2). Rule 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

FED.R.CIV.P. 60(b). A Rule 60(b) motion filed under subsection (2) must be made within a reasonable time, and not more than one year after the judgment or order. Plaintiff did not file

1

his motion within one year after the April 5, 2007 order and judgment, and, accordingly, the motion is untimely.  To the extent plaintiff's motion can be brought under subsection (6), the court finds that plaintiff has not shown any reasons justifying relief from judgment.

The remainder of plaintiff's motion appears to restate or assert plaintiff's claims and/or attacks the Eleventh Circuit's dismissal of plaintiff's appeal.  The Eleventh Circuit dismissed plaintiff's appeal as frivolous on November 8, 2007. (Doc. 91).  This court does not have authority to revisit in this case the decision of the Eleventh Circuit.

## **CONCLUSION**

For the reasons stated above, plaintiff's motion to reopen (Doc. 94) is **DENIED**.

**DONE and ORDERED** this 31st day of December, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE